| U.S. Department of Justice | PROCESS RECEIPT AND RETURN |
|---|---|
| United States Marshals Service | See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form. |

BR

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Peter Peretz | 08C4346 |
| DEFENDANT | TYPE OF PROCESS |
| Gregory Sims, et al. | S/C |

**SERVE** → NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Thomas L. Patterson, Counselor, Taylor Correctional Facility

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

**AT** Taylor Correctional Facility, P.O. Box 100, Taylorville, IL 62568

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Peter Peretz
108 Nina Lane
Bartlett, IL 60103

| | |
|---|---|
| Number of process to be served with this Form - 285 | 1 |
| Number of parties to be served in this case | 3 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

FILED
JN
SEP X 2 2008
Sep ya, 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| Signature of Attorney or other Originator requesting service on behalf of: | ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE 08-18-08 |
|---|---|---|---|

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process 3/3 | District of Origin No. 24 | District to Serve No. 24 | Signature of Authorized USMS Deputy or Clerk TD | Date 08-18-08 |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☒ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

Name and title of individual served (if not shown above)

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address (complete only if different than shown above)

Received signed waiver of summons + receipt of certified delivery (green card).

Date of Service 8/22/08
Time am/pm
Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|

REMARKS: No Service Fee charged Syne Cases location, see process Mailed Certified mail w/ waiver 7007 0710 0000 9600 0481
But #1 for charges

| PRIOR EDITIONS MAY BE USED | 1. CLERK OF THE COURT | FORM USM-285 (Rev. 12/15/80) |
|---|---|---|

Form AO-399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
(DISTRICT)

### Waiver of Service of Summons

**FILED**
JN
SEP X 2 2008
Sep X2, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

TO: Peter Peretz
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Thomas L. Patterson, acknowledge receipt of your request that I waive
(DEFENDANT NAME)

service of summons in the action of Peter Peretz vs. Gregory Sims, et al.
(CAPTION OF ACTION)

which is case number 08C4346 in the United States District Court for the
(DOCKET NUMBER)

Northern District of Illinois
(DISTRICT)

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after August 18, 2008
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

8/22/08
DATE

SIGNATURE

Printed/Typed Name: TOM PATTERSON

As  Corr Counselor  of  Taylorville Correctional Center
   TITLE                    CORPORATE DEFENDANT

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown to its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.